IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Gregory Thomas**<br>2777 Unicorn Lane, N.W.<br>Washington, D.C. 20015 | )<br>)<br>)<br>) |
| *Plaintiff* | ) |
| vs. | )<br>) |
| **Marie- France Karam**<br>1500 Bay Rd. #1262S<br>Miami Beach, Florida 33139 | )<br>)<br>)<br>) |
| **Invest Commercial Miami**<br>**Dba MLR Realty**<br>1329 Alton Road<br>Miami Beach, Florida 33139 | )<br>)<br>)<br>)<br>) |
| **Esslinger, Wooten and Maxwell, Inc. Realtors**<br>**Aka EWM Realty International**<br>355 Alhambra Circle<br>Suite 950<br>Coral Gables, Florida 33134 | )<br>)<br>)<br>)<br>)<br>) |
| **John Doe No. 1**<br>("name and address unknown") | )<br>)<br>) |
| **John Doe No. 2**<br>("name and address unknown") | )<br>)<br>) |
| *Defendants* | )<br>) |
| Serve :<br>Thomas R Lehman, Esq.<br>Levine, Kellogg Lehman Schneider<br>Grossman, LLP<br>201 S. Biscayne Blvd, 22nd Floor<br>Miami, Fla. 33131 | )<br>)<br>)<br>)<br>)<br>) |
| Ron Shuffield<br>EWM<br>President & CEO<br>355 Alhambra Circle, Suite 950<br>Coral Gables, FL, 33134 | )<br>)<br>)<br>)<br>)<br>) |

CASE NO.

Eric Harari CEO/ Principle )
MLR Realty )
1329 Alton Road )
Miami Beach, Florida 33139 )
)
Marie- France Karam )
1500 Bay Rd. #1262S )
Miami Beach, Florida 33139 )

## COMPLAINT FOR INTERPLEADER

## STATUTORY INTERPLEADER

### A. Parties

1. Gregory Thomas is a resident of the District of Columbia and a citizen of United States; upon information and belief, Marie-France Karam is a resident of Miami Beach Florida and a citizen of France.

2. Esslinger, Wooten and Maxwell, Inc. Realtors, aka (" EWM Realty International") is a real estate company doing business in Miami Florida and the agent/broker for Gregory Thomas. MLR Realty, is a real estate company doing business in Miami Florida and the agent/broker for Seller Marie-France Karam. John Doe No.1, name and address unknown" and John Doe No. 2, name and address unknown are Real Estate companies doing business in Miami Florida.

### B. Jurisdiction

3. The Court has jurisdiction over this interpleader under 28 U. S. C. A. §§ 1335 (a),1397, and 2361. Section 1335 provides for the elements of a statutory interpleader action; section 1397 outlines the special venue provisions governing the interpleader; section 2361 authorizes the Court to enjoin other federal or state judicial actions that may interfere with the interpleader; and establishes the broad personal jurisdiction of the Court hearing the interpleader.

4. The Court has original jurisdiction over this interpleader under 28 U.S.C. §1335(a) because both claimants are of diverse citizenship, as defined by 28 U.S.C. §1332(a); are

allegedly claiming or may claim to be entitled to money valued at $40,000 or more, which allegedly is in the custody/possession of interpleader-Counter/ Cross Defendants. The parties who are claiming the escrow deposit are Gregory Thomas, a resident of the District of Columbia and a citizen of United States and upon information and belief Marie-France Karam, a resident of Miami Beach Florida and a citizen of France. MLR Realty a company doing business in Miami Beach Florida, EWM Realty International, a company doing business in Miami Beach Florida.

5. The Court has original jurisdiction over this interpleader under 28 U.S.C. §1335(a) because both adverse claimants of diverse citizenship, as defined by 28 U.S.C. §1332(a), are allegedly claiming/may claim to be entitled to the proceeds of an escrow deposit valued at $500 or more ($40,000), which allegedly is in the custody/possession of interpleader-Counter/ Cross Defendants.

6. Statutory interpleader provides for nationwide personal jurisdiction and service. *See , e. g. Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir 1999), 531 U.S. 924, 121 S. Ct. 298, *NY Life Distributors, Inc. v. Adherence Group Inc.*, 517 U.S. 1209 116 S.Ct. 1826, 134 L. Ed. 2d 931 (1996).

## C. Venue

7. Venue is proper in this district under 28 U.S.C. §1397 because one or more of the claimants resides in this district.

## D. Property

8. The property subject to this interpleader is a Forty Thousand dollar ($40,000) escrow deposit that was deposited by Plaintiff Gregory Thomas (the buyer) on a contract for the sale of property located at 1500 Bay Rd. #1262S in Miami Beach Florida.

9. There was considerable confusion surrounding Defendant Marie France Karam (the sellers) commitment to sell the property to the buyer after the seller received multiple offers on the property and raised the asking price by thirty five thousand dollars ($35,000).

10. The value of the property subject to this interpleader is Forty Thousand dollars

($40,000). The list price of the Condominium unit was Four Hundred Ninety Five thousand dollars ($495,000). Plaintiff believes that there is a possibility that he could be subject to double liability which would be unjust

11. The Defendant Seller signed the contract for the sale of the property on September 14, 2015; however, the buyer exercised his right of rescission September 16, 2015 as outlined in the Comprehensive Rider to the Residential Contract For Sale And Purchase.

" THIS AGREEMENT IS VOIDABLE BY BUYER BY DELIVERING WRITTEN NOTICE OF THE BUYER'S INTENTION TO CANCEL WITHIN 3 DAYS, EXCLUDING SATURDAYS, SUNDAYS AND LEGAL HOLIDAYS, AFTER THE DATE OF EXECUTION OF THIS AGREEMENT BY THE BUYER AND RECEIPT BY BUYER OF A CURRENT COPY OF THE DECLARATION OF CONDOMINIUM, ARTICLES OF INCORPORATION, BYLAWS AND RULES OF THE ASSOCIATION, AND A COPY OF THE MOST RECENT YEAR-END FINANCIAL INFORMATION AND FREQUENTLY ASKED QUESTIONS AND ANSWERS DOCUMENT IF SO REQUESTED IN WRITING ANY PURPORTED WAIVER OF THESE VOIDABILITY RIGHTS SHALL BE OF NO EFFECT. BUYER MAY EXTEND THE TIME FOR CLOSING FOR A PERIOD OF NOT MORE THAN 3 DAYS, EXCLUDING SATURDAYS. SUNDAYS, AND LEGAL HOLIDAYS, AFTER THE BUYER RECEIVES THE DECLARATION, ARTICLES OF INCORPORATION, BYLAWS AND RULES OF THE ASSOCIATION, AND A COPY OF THE MOST RECENT YEAR-END FINANCIAL INFORMATION AND FREQUENTLY ASKED QUESTIONS AND ANSWERS DOCUMENT IF REQUESTED IN WRITING, BUYER'S RIGHTS TO VOID THIS AGREEMENT SHALL TERMINATE AT CLOSING." *See Exhibit 1&2*

12. Defendant EWM, the agent for Plaintiff Gregory Thomas consistently assured Plaintiff that his deposit was not at risk; however, after repeated timely request by the Plaintiff to return the escrow deposit after a timely rescission by Plaintiff, the Defendant EWM , the escrow agent that received the deposit from Plaintiff , now alleges that it cannot return the escrow deposit because neither Seller nor Buyer's agent are able to contact Seller. Plaintiff Gregory Thomas' agent and Defendant Seller's agent allege that they have tried to call and write Defendant Seller but to no avail. She does not answer her phone or acknowledge any written communications. Initially, Plaintiff was told that Defendant Seller claimed the escrow deposit because of the rescission.

13. Both agents allege that the only way that the $40,000 escrow deposit can be released is with Defendant Seller's signature giving them authorization to release Plaintiff's funds. Plaintiff believes that his agent breached its fiduciary responsibilities to him and failed to exercise less onerous and costly options to return his escrow deposit. Plaintiff has not been able to purchase another home in a warmer climate because of the retention of his escrow deposit and continues to suffer sever arthritic pain from the cold of the north east coast.

14. The Florida Real Estate Commission (FREC) was created to protect the public and regulate the holders of real estate licensees. FREC adopted rules to govern situation such as the one at hand. If a broker has any doubt(s) about entitlement to the escrow funds, the broker can ask FREC to issue an escrow disbursement order. **By statute, the escrow account broker is the <u>only</u> person who can request the disbursement order**. If the broker disburses the escrow funds in accordance with the disbursement order from FREC, the broker will not be responsible for damages if later court action determines that the disbursement was incorrect. If the disbursement order is later held to be incorrect, the party damaged by the disbursement can recover up to $50,000 from Florida's Real Estate Recovery Fund in the event the party is unable to recover the money that was improperly disbursed. This regulation protects all parties from costly and exorbitant legal fees. *See Specific Authority 475.05 FS. Law Implemented 475.25(1)(d)1., Rule: 61J2-14.011, Rule Title: Rights of Broker in Deposits.* However, this was not done and Plaintiff is the only party to this transaction who is being burdened with the prospect of exorbitant legal fees that the Defendants are asking the Court to impose upon Plaintiff.

15. Plaintiff Buyer believes that Defendants are attempting to covert Plaintiff's escrow funds with unnecessary legal proceedings by their attorneys to limit Defendants liability at Plaintiff's expense. According to the Defendant EWM, the escrow agent, the Defendant Seller has not made any claims for the escrow funds because allegedly the Defendant Seller cannot be reached. The Defendant Seller allegedly is currently out of the country in Guadalupe.

16. The Defendant EWM has held Plaintiff's escrow deposit for six months preventing Plaintiff from making another purchase. Plaintiff believes that he is entitled to have his escrow deposit returned to him as provided for in the contract. However, Defendant EWM who acted as Plaintiff's agent has filed an interpleader action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, case number 2015-026685-CA-01 on November 17, 2015 bypassing FREC. Thus, preventing Plaintiff from exercises any rights under FREC to recover his complete escrow deposit and forcing him to incur legal fees and travel expenses.

## E. Claims

17. So far, there is only one claim that Buyer Gregory Thomas actively asserts against the property subject to this interpleader.

18. Claimants' interest in the property subject to this interpleader are adverse.

## F. Interpleader

19. Interpleader-Plaintiff has a reasonable fear of losing all of his escrow deposit because of the alleged adverse claims of the real estate agents. He has made weekly request over a six month period to have his escrow deposit returned. He was assured that his deposit would be returned; however he was served with a complaint to delay even longer the return of his funds. The complaint also request that legal fees should be imposed upon the Plaintiff further imposing a hardship on Plaintiff to reduce his escrow deposit.

20. Interpleader-Plaintiff is unsure which Defendant is making claims against his escrow deposit or whether it is the intent of the Defendants to convert his escrow deposit in legal fees. The agents are requesting that its legal fees are paid from Buyer's escrow deposit.

21. Interpleader-Plaintiff timely files this complaint after receiving notice of multiple claims.

22. Interpleader-Plaintiff is requesting that his escrow deposit of $40,000 is deposited with the Court.

## G. Prayer

23. For these reasons, interpleader-plaintiff requests that the Court do the following:

   a.   Enjoin all proceedings in the lawsuit in Florida pending a decision in this Court. *See, e.g. General Elec capital Assur. V. Van Norman*, 209 F. Supp. 2d 668, 670 (S.D. Tex. 2002)

   b.   Enjoin each claimant/agent from filing a suit in any other forum against interpleader-Plaintiff relating to claims for his escrow deposit of forty thousand

dollars ($40,000) and the property associated with the deposit of the escrow funds.

c.   Award interpleader-Plaintiff his reasonable costs, attorney fees, interest and damages in that Plaintiff has not been able to use those funds towards the purchase of another property.

Respectfully Submitted,

Gregory Thomas

By: _____/S/_____

Counsel for Plaintiff

C. Sukari Hardnett, Esquire
Law Office of C. Sukari Hardnett
804 Pershing Drive Suite 110
Silver Spring, MD 20910
Tel: (301) 587-7001
s.hardnett@verizon.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January 2016, I served a true and accurate copy of the forgoing Interpleader upon the Defendants by mail through U.S. Postage pre - paid.

Thomas R Lehman, Esq.
Levine, Kellogg Lehman Schneider
Grossman, LLP
201 S. Biscayne Blvd, 22nd Floor
Miami, Fla. 33131
tri@lklsg.com
Attorney for Defendant

Ron Shuffield
EWM
President & CEO
355 Alhambra Circle, Suite 950
Coral Gables, FL, 33134

Eric Harari
CEO/ Principle
MLR Realty
1329 Alton Road
Miami Beach, Florida 33139

Marie- France Karam
1500 Bay Rd. #1262S
Miami Beach, Florida 33139

_____/S/_____
C. SUKARI HARDNETT, ESQUIRE